#187700 315-21030

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN THE MATTER OF SUNLAND CONSTRUCTION, INC.** | **CIVIL ACTION NO: 23-1665**<br>**C/W 23-1796, 23-2438**<br><br>**DISTRICT JUDGE:**<br>**HON. GREG G. GUIDRY**<br><br>**MAGISTRATE JUDGE:**<br>**HON. MICHAEL B. NORTH**<br><br>**APPLIES TO 23-2438** |

**ANSWER TO PETITION FOR DAMAGES**

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Venture Global Gator Express, LLC ("Venture Global" or "Defendant"), and responds to the Petition ("Petition") filed by Plaintiff, Raymond Bianchini ("Plaintiff"), as follows:

**FIRST DEFENSE**

The Petition fails to state a cause of action against Venture Global upon which relief can be granted.

**SECOND DEFENSE**

The Petition fails to state a right of action against Venture Global upon which relief can be granted.

**THIRD DEFENSE**

The Petition is barred by laches, prescription, or the applicable statutes of limitation.

**FOURTH DEFENSE**

Venture Global objects to the venue of this Court and denies proper service has been made.

**FIFTH DEFENSE**

**AND NOW**, answering the specific allegations of the Petition of Plaintiff, Raymond Bianchini, Venture Global, avers as follows:

1.

The allegations contained in Paragraph 1 are admitted insofar as Venture Global is a foreign business entity. Except as expressly admitted, all remaining allegations contained in Paragraph 1, including subparts (a) – (b) are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 are denied for lack of information to justify a belief therein.

5.

Certain allegations contained in Paragraph 5 pertain to other defendants and therefore require no response. To the extent a response is deemed necessary or to the extent the allegations contained in Paragraph 5 pertain to Venture Global, the allegations are denied.

6.

The allegations contained in Paragraph 6 are denied.

7.

The allegations contained in Paragraph 7 are denied.

8.

The allegations contained in Paragraph 8 are denied.

9.

The allegations contained in Paragraph 9 are denied.

10.

The allegations contained in Paragraph 10 contain conclusions of law or pertain to other defendants, and therefore require no response. To the extent a response is deemed necessary or to the extent the allegations contained in Paragraph 10 pertain to Venture Global, the allegations are denied.

11.

The allegations contained in Paragraph 11 contain conclusions of law or pertain to other defendants and therefore require no response. To the extent a response is deemed necessary or to the extent the allegations contained in Paragraph 11 pertain to Venture Global, the allegations are denied.

12.

The allegations contained in Paragraph 12, including sub-parts (a) through (f) are denied.

13.

The allegations contained in Paragraph 13 contain conclusions of law and require no response. To the extent a response is necessary, the allegations are denied.

14.

The allegations contained in Paragraph 14 are denied.

15.

The allegations contained in Paragraph 15, including Plaintiff's prayer for relief, are denied.

## SIXTH DEFENSE

Defendant denies the allegations of any unnumbered and/or misnumbered paragraphs, any allegations contained in the prayer for relief, and any allegations contained in the Petition which have not heretofore been specifically addressed.

## SEVENTH DEFENSE

Defendant avers that at all pertinent times it conducted its affairs in a safe and lawful manner, adhering to state and federal guidelines, laws, and regulations; industry standards, rules, and regulations; and accepted practices of the industry, both locally and nationally; and was free from fault, negligence, strict liability, or any other culpable conduct.

## EIGHTH DEFENSE

Defendant files this Answer without prejudice to its right to proceed against such other vessels, persons, business entities, associations, firms and/or corporations which may have caused or contributed to the damages allegedly sustained by the plaintiff, or from whom Defendant is entitled to contribution, indemnity, or other recovery.

**NINTH DEFENSE**

While denying any liability to the plaintiff whatsoever, in the alternative, Defendant avers that the plaintiff has failed to exercise reasonable care and diligence to mitigate his damages, which failure on the part of the plaintiff is specifically pleaded as a complete and total bar to, and diminution of, any recovery by it in this action.

**TENTH DEFENSE**

Defendant further avers that the damages alleged by the plaintiff was caused in whole or in part by the fault, acts, negligence, or omissions of a third party or parties over whom Defendant exercises no control or supervision and for whom Defendant has no responsibility or liability, such parties being solely and/or concurrently at fault or negligent, and in the event that it is determined that the plaintiff is entitled to recover from defendant, which is denied, the plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault of such third parties.

**ELEVENTH DEFENSE**

Defendant avers that any damages allegedly sustained by the plaintiff was the result of intervening or superseding acts or causes which were the proximate or sole causes of those alleged damages, and for which defendant or any other person, party or entity for whom Defendant would be responsible, is not responsible.

**TWELFTH DEFENSE**

While denying any liability to the plaintiff whatsoever, in the alternative, Defendant avers that the incident made the basis of this lawsuit and the damages allegedly sustained by the plaintiff was neither caused by nor contributed to by Defendant, but rather resulted from a fortuitous event as that term is defined by law.

**THIRTEENTH DEFENSE**

Defendant specifically and affirmatively shows that the damages sought herein by the plaintiff, if any, were caused by pre-existing conditions not related to any act or omission of Defendant.

**FOURTEENTH DEFENSE**

Defendant is not liable to Plaintiff for any act or omission that may have occurred before defendant became involved with the subject property.

**FIFTEENTH DEFENSE**

Alternatively, and only in the event defendant is found responsible for any damages which may be due to Plaintiff (if any, which is at all times denied by defendant), and pursuant to the applicable law of comparative fault, indemnity and/or contribution, Defendant pleads compensation, set-off, compromise and release and asserts its entitlement to reduction or credit for each party released, or not named as a defendant in this case, by Plaintiff.

**SIXTEENTH DEFENSE**

Granting the relief sought by Plaintiff would unjustly enrich Plaintiff.

**SEVENTEENTH DEFENSE**

In the alternative, Plaintiff either has no damages or any damages Plaintiff does have are *de minimis.*

**EIGHTEENTH DEFENSE**

Plaintiff's recovery is limited, in whole or in part, to the remedial costs approved by the appropriate regulatory agencies.

**NINETEENTH DEFENSE**

If Plaintiff sustained damages, which is specifically denied, then said damages were caused by and/or contributed to and/or aggravated by the negligence of Plaintiff.

**TWENTIETH DEFENSE**

Plaintiff's claims against Defendant are barred by the doctrines of unclean hands, equitable estoppel, and other equitable defenses.

**TWENTY-FIRST DEFENSE**

Plaintiff's damages, if any, resulted from Plaintiff's sole fault, intentional act, negligence, and/or inattention to duty or from the fault, negligence and/or inattention to duty of others for whom Defendant is not responsible.

**TWENTY-SECOND DEFENSE**

In the further alternative, Defendant specifically alleges and avers that any damages allegedly sustained by the plaintiff, were due to an Act of God, or force majeure, or measures taken *in extremis*, or other circumstances beyond Defendant's control or the responsibility of Defendant and was not proximately caused by any acts or omissions on the part of Defendant or any other person, party, or entity for whom Defendant would be responsible.

**TWENTY-THIRD DEFENSE**

Defendant further avers that if Plaintiff sustained any damages, which is denied, said damages were brought about by ordinary normal risks inherent in the work performed which were voluntarily assumed by the plaintiff and for which Defendant was in no way responsible.

**TWENTY-FOURTH DEFENSE**

Defendant specifically pleads that Sunland and any other entity that may be at fault, and any of its employees, agents, affiliates, and assigns were independent contractors of Defendant for whose actions, inactions, negligence, or fault Defendant has no responsibility or liability.

**TWENTY-FIFTH DEFENSE**

Defendant avers that at all material times herein, Defendant was the time charterer of any and all vessels alleged by the plaintiff to be involved in the subject incident, pursuant to a time charter entered into between the owner of said vessels and Defendant. As the time charterer, Defendant was at no point legally liable or responsible for any loss or damage incurred by said vessels which at all times were under the sole direction, supervision and control of the vessels' owners, officers and crew. In the alternative, Defendant fulfilled all duties owed of a time charterer.

**TWENTY-SIXTH DEFENSE**

Defendant denies that the plaintiff is entitled to assert or recover upon a claim for punitive or exemplary damages.

**TWENTY-SEVENTH DEFENSE**

Defendant would show that if Plaintiff's property was damaged, which is expressly denied, such damage was caused by equipment and/or in an area over which Defendant had no control or authority.

**TWENTY-EIGHTH DEFENSE**

Defendant avers that the plaintiff has failed to join an indispensable party.

**TWENTY-NINTH DEFENSE**

Defendant avers that the plaintiff's claim is barred by res judicata and/or issue preclusion.

**THIRTIETH DEFENSE**

Defendant pleads the benefit and enforcement of any and all terms contained in the applicable contracts between Defendant and/or any other entity, including the application of any arbitration clause.

**THIRTY-FIRST DEFENSE**

As Defendant has not been provided an adequate opportunity to conduct an investigation of damages allegedly sustained by Plaintiff, Defendant reserves the right to seek spoliation charges, sanctions, and any other available remedies against Plaintiff for any alleged damages.

**THIRTY-SECOND DEFENSE**

Defendant avers that Plaintiff's alleged damages were not a foreseeable consequence of any act or omission on the part of Defendant or anyone for whom Defendant may have been held responsible.

**THIRTY-THIRD DEFENSE**

Defendant has fulfilled any and all duties it owes to the plaintiff.

**THIRTY-FOURTH DEFENSE**

Plaintiff has no evidence to raise a genuine issue of material fact on one or more elements of any claim on which he has the burden of proof.

**THIRTY-FIFTH DEFENSE**

Defendant avers that this is not a proper venue or convenient venue under the doctrine of *forum non conveniens*.

**THIRTY-SIXTH DEFENSE**

If such is necessary, Defendant in the alternative pleads that it is entitled to limitation or exoneration of liability pursuant to the Federal Rules of Civil Procedure and Rule F of the

Supplemental Rules for Certain Admiralty and Maritime Claims and the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*

**THIRTY-SEVENTH DEFENSE**

In the event it is found that Plaintiff is entitled to any recovery from Defendant, which is specifically denied, Plaintiff is not entitled to any costs that would result in any betterment of Plaintiff's property or any extension of the useful life of its property.

**THIRTY-EIGHTH DEFENSE**

In the event it is found that Plaintiff is entitled to any recovery from Defendant, which is specifically denied, Plaintiff cannot recover loss of use, loss of profit, or other consequential damages sustained by Plaintiff.

**THIRTY-NINTH DEFENSE**

Defendant pleads the doctrine of *Lis Pendens*.

**FORTIETH DEFENSE**

Defendant reserves the right to assert additional affirmative defenses and join additional parties including, if and when, in the course of its investigation, discovery, or preparation for trial, it becomes known or available or it otherwise becomes appropriate to assert such affirmative defenses.

**WHEREFORE**, the premises considered, Defendant, Venture Global Services, Inc., prays that this, its Answer be deemed good and sufficient and, that after due proceedings be had, there be judgment herein in favor of Defendant, Venture Global Services, Inc., and against Plaintiff, Raymond Bianchini, dismissing the Petition, and that Defendant, Venture Global Services, Inc., be granted such other and further relief as equity and the justice of the cause may require and permit.

Respectfully submitted,

***/s/ Rowen F. Aspordites***

Aaron B. Greenbaum, T.A. (#31752)
Salvador J. Pusateri (#21036)
Rowen F. Asprodites (#33135)
Anna G. Carey (#40305)
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Aaron.Greenbaum@pjgglaw.com
Salvador.Pusateri@pjgglaw.com
Rowen.Asprodites@pjgglaw.com
Anna.Carey@pjgglaw.com
**ATTORNEYS FOR DEFENDANT,**
**VENTURE GLOBAL GATOR EXPRESS, LLC**