UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF SUNLAND CONSTRUCTION INC. AS OWNER AND OPERATOR OF THE FOLLOWING VESSELS: DREDGE BH101; LAY BARGE K102; MR. DYSON; LITTLE MAN; LIL SMOKE; CHRISTIE B; LORI L,; UNNAMED 2007 40' ALUMINUM HACKCO CREW BOAT; UNNAMED 2003 25' ALUMINUM HACKCO CREW BOAT; UNNAMED 20' AMERICAN FLAT BOAT AND UNNAMED SCULLY'S 20' FLAT BOAT | CIVIL ACTION<br><br>NO: 23-cv-01665<br><br>SECTION T (5) |

.

**ORDER**

Before the Court is Sunland Construction, Inc. and Sunland-Kori Services, LLC's ("Sunland") Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART**.

**BACKGROUND**

This case arises out of alleged property damage to oyster leases from a proposed pipeline project. R. Doc. 20 at ¶ 20. Claimant Raymond Bianchini, Jr. ("Claimant"), an owner and holder of oyster bed leases in coastal waters of Plaquemines Parish, asserted claims against Sunland, an alleged contractor of Venture Global Gator Express, LLC ("Venture Global"). *See* R. Doc. 21 at ¶ 6.

For upcoming pipeline construction in Plaquemines Parish, Venture Global allegedly hired

1

Sunland to perform work in connection with the pipeline. *Id.* at ¶ 5. Claimant alleges Venture Global and Sunland "performed work and/or caused damages to oysters and oyster reefs in areas" without permission by "operating" "owned and/or chartered [] and/or controlled vessels and marine equipment" on or in the vicinity of Claimant's oyster leases. *Id.* at ¶ 8. It is further alleged that Venture Global and Sunland's dredging, pile driving, and other "ultrahazardous" activities resulted in an increase in oyster mortality rates and damage to Claimant's oyster leases. *Id.* at ¶ 10. Claimant also attributes this oyster mortality to "the wrongful entry and trespass by Venture Global [and/or] Sunland." *Id.* at ¶ 12.

On April 18, 2023, Michael Bianchini filed a lawsuit in the 25th Judicial District Court for the Parish of Plaquemines, Louisiana, against Sunland and Venture Global ("Michael Bianchini Lawsuit"). *See* R. Doc. 1 at ¶ 20. In response, Sunland filed an amended Complaint for Exoneration from or Limitation of Liability in this Court in accordance with 46 U.S.C. §§ 30501 *et seq.* and Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure. *Id.* Michael Bianchini, as well as Claimant, filed an Answer and Claim in response to Sunland's limitation action complaint. R. Docs. 5-6. Before Sunland filed its Amended Complaint, Venture Global removed the Michael Bianchini Lawsuit to this Court and it was consolidated with this action. R. Doc. 9. Sunland amended its Complaint and Michael Bianchini and Raymond Bianchini, Jr. filed answers. R. Docs. 15, 20-22. The Court later granted Michael Bianchini's motion for remand leaving Raymond Bianchini, Jr. as the remaining claimant. R. Doc. 48.

Sunland filed this motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Sunland's motion relies heavily on *Shelley v. Hilcorp Energy Co.*, No. CV 22-1345, 2023 WL 4235563 (E.D. La. June 28, 2023), arguing Claimant's generic allegations fail to meet Fed. R.

2

Civ. P. 8. The Fifth Circuit later affirmed *Shelley* in *Matter of Settoon Towing, L.L.C.*, No. 23-30578, 2024 WL 3520166 (5th Cir. July 24, 2024), and this Court subsequently ordered supplemental briefing.; R. Doc. 59.

## LAW & ANALYSIS

1. **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under Fed. R. Civ. P. 8(a), a "short and plain statement of the claim" is required. *Id.* When evaluating a 12(b)(6) motion, the Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). However, a court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

2. **Claimant's Negligence Allegations Do Not Survive Fed. R. Civ. P. 12(b)(6)**

Under Louisiana law, a plaintiff asserting negligence must prove: "(1) the defendant had a duty to conform his conduct to a specific standard of care, that is, the duty element, (2) the defendant's conduct failed to conform to the appropriate standard of care, that is, the breach

element, (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries, that is, the cause-in-fact element, (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries, that is, the scope-of-duty element, and (5) actual damages, that is, the damages element." *Nagle v. Gusman*, 61 F. Supp. 3d 609, 620 (E.D. La. 2014).

Sunland's motion rests almost entirely on *Shelley*. 2023 WL 4235563, at *1. *Shelley* concerned a near identical injury, damage to oyster leases in Plaquemines Parish believed to be from underwater crude oil extraction. *Id.* The *Shelley* plaintiffs asserted claims against two oyster vessels and eighteen other defendants. The complaint alleged defendants were "responsible for permitting, managing, and overseeing ... oil and gas operation exploration and production projects including the installation, maintenance, and repair of numerous pipelines and platforms within Louisiana territorial waters." *Id.* They alleged the "oyster mortality was caused by the introduction and/or release of one or more substances toxic to oysters, including, but not limited to, brine and/or produced water." *Matter of Settoon Towing, L.L.C.*, 2024 WL 3520166 at *1. Because the defendants operated in those waters, the plaintiffs argued the introduction of the toxic substances was the result of the defendants' "activities and operations." *Id.*

The district court granted the defendants' motion to dismiss finding these allegations "speculative, conclusory, and unspecific to any individual defendant." *Shelley,* 2023 WL 4235563 at *5. Because the plaintiffs did not provide a "when, where, what, or why, or how" any named defendant individually caused damage to the plaintiffs' oyster beds, the complaint could not survive Fed. R. Civ. P. 12(b)(6). *Id.* Without any assertions that "any pipeline actually leaked" or "any other event" led to a discharge, plaintiffs failed to allege "negligent conduct, on a specific date by a Defendant." *Id.* at *6.

4

The Fifth Circuit affirmed in *Matter of Settoon Towing, L.L.C.* 2024 WL 3520166 at *3. The plaintiffs were unable to allege how and "which of the approximately eighteen Defendants were negligent" so the court was unable to draw "the reasonable inference" that a specific defendant was negligent. *Id.* at *2.

Sunland argues this case warrants an identical result. Like *Shelley*, Sunland asserts the complaint identifies sixteen vessels, which Sunland does not own, as possible parties. With this alleged ambiguity, the complaint is deficient because it "failed to allege which of the vessels, defendants, or unnamed vessel owners were negligent and in what way." R. Doc. 60 at p 5. Sunland also argues the complaint does not identify "when, where, what, or why, or how" Sunland negligently damaged Claimant's oyster leases. R. Doc. 33 at p 5.

Claimant asserts *Shelley* is distinguishable. Claimant argues the Fifth Circuit only affirmed *Shelley* on the grounds that the *Shelley* complaint lacked "particularized facts about any one defendant's allegedly tortious conduct" so the court could not determine which of the eighteen named defendants were negligent. *See Matter of Settoon Towing, L.L.C.*, 2024 WL 3520166, at *1; R. Doc. 61 at p 4. Unlike *Shelley*, Claimant contends the complaint here clearly attributes any negligence to Sunland and Venture Global because it is alleged that all named vessels had an operational relationship with Sunland. R. Doc. 40 at p 12. Claimant also asserts the complaint otherwise provides enough facts to survive a motion to dismiss. *See generally id.*

The Court finds the complaint lacks well-pleaded allegations as required by Fed. R. Civ. P. 8. In addition to Sunland and Venture Global, Claimant also names sixteen other vessels which allegedly do not belong to Sunland. *See* R. Doc. 21 ¶ 6-7; R. Doc. 60. Because the Michael Bianchini lawsuit was remanded, this complaint has *no* dates, let alone a specific time frame, to

5

explain when Sunland allegedly damaged Claimant's leases. *See generally* R. Doc. 21. Therefore, many parties could be liable. Like in *Shelley*, Claimant's failure to allege "negligent conduct, *on a specific date by* a Defendant" does not present a plausible case that Sunland is the negligent party. *See Id.* at *6 (emphasis added); *see also Bryant v. Ditech Fin. LLC*, No. 3:22-CV-0252-B, 2022 WL 2159274, at *4 (N.D. Tex. June 15, 2022) (dismissing a complaint lacking allegations about *when* the harm occurred).

Claimant also asserts general, conclusory facts on breach. The complaint states as follows: because Venture Global and Sunland "owned and/or chartered and/or operated and/or controlled vessels and marine equipment," at an unknown time, they engaged in some form of "ultrahazardous [] extensive works" over and around Claimant's oyster leases, which eventually resulted in damages that were "the fault and negligent acts of Venture Global [and] Sunland." *See* R. Doc. 21 ¶¶ 5-8. These generalized allegations do not put Sunland on notice as to how and when the vessels were operated negligently.

The complaint also lacks specific facts for the causation element. Like *Shelley*, Claimant does not assert any event occurred, such as "any pipeline actually leaked or discharged its contents," to indicate Sunland's alleged negligence was the actual cause of the damage to Claimant's oyster leases. 2023 WL 4235563, at *5; *Matter of Settoon Towing, L.L.C.*, No. 23-30578, 2024 WL 3520166. *Alexis v. Hilcorp Energy Co.*, 493 F. Supp. 3d 497, 502 (E.D. La. 2020) is distinguishable because the *Alexis* complaint clearly identified how defendants allegedly damaged her oyster leases. There, the complaint identified one specific barge and alleged, despite knowing the plaintiff's water was too shallow, it "made multiple passes over her lease…which resulted in sediment flowing out of the pipeline canal and onto her property." *Id.* at 501-502.

Claimant here concludes without evidence Sunland's alleged dredging, pile driving, and other "ultrahazardous" activities were the actual causes for oyster lead damage.

Absent specific facts, Claimant fails to plead a negligence claim. *See, e.g., Milan v. Wyndham Mgmt. Corp.*, No. CV 05-6464, 2006 WL 8456489, at *2 (E.D. La. May 5, 2006) (granting a motion to dismiss for a plaintiff's "fail[ure] to provide further details to elaborate their bare allegations of negligence.")

3. **Claimant Pleads a Civil Trespass Claim**

Civil trespass applies to immovable property in Louisiana. *MCI Commc'ns Servs., Inc. v. Hagan,* 74 So. 3d 1148, 1155 n.12 (La. 2011). Oyster leases are considered incorporeal immovable property pursuant to Louisiana Civil Code article 470. *Vekic v. Popich*, 236 So. 3d 526, 535 n.11 (La. 2017). An act of civil trespass is defined as "the unlawful invasion of the property or possession of another," and the elements of the tort are: (1) "intent to enter property that belongs to another (defendant need not know the property belongs to another)" and (2) "physical entrance onto the land of another." *Barney v. Plaquemines Par. Gov't ex rel. President*, 22 So. 3d 1117, 1118-19 (La. App. 2009) (citing *Thibodeaux v. Krouse,* 991 So. 2d 1126 (La. App. 2008)). "[A] defendant may be held liable for an *inadvertent* trespass resulting from an *intentional* act." *Terre Aux Boeufs Land Co. v. J.R. Gray Barge Co.*, 803 So. 2d 86, 96 (La. App. 2001) (emphasis in original).

Although Sunland has moved to dismiss "all Claimants' claims in this limitation action," Sunland has not briefed the trespass claim. *See* R. Docs. 39, 49. Therefore, the Court will use Sunland's previous arguments on negligence for the trespass claim.

Claimant alleges Venture Global and Sunland operated their respective vessels. In doing

7

so, it is implied that, each vessel purposefully navigated into Claimant's waters, crossed into parts of Claimant's property without permission, causing damage to his oyster beds. R. Doc. 21; ¶¶ 6-7,12. Even if the trespasses were inadvertent or lacked specific times, they were nevertheless actionable under Louisiana law because they arose from the intentional act of operating the vessels over Claimant's property. *See Alexis,* 493 F. Supp. 3d at 508-509. Thus, under Fed. R. Civ. P. 12 (b)(6), Claimant has alleged plausible claims for trespass against Sunland under Louisiana law.

4. **Leave to Amend**

Claimant has requested leave to amend his complaint should the Court find it deficient. *See* R. Doc. 40 at p 14-15; R. Doc. 60 at p 8. "The court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Granting leave to amend is especially appropriate, in cases such as this, when the trial court has dismissed the complaint for failure to state a claim." *Griggs v. Hinds Junior Coll.*, 563 F.2d 179, 180 (5th Cir. 1977). Claimant has not previously been afforded the opportunity to amend his complaint, and the Court cannot hold on the record before it at this stage that any amendment Claimant might make would be futile. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (noting a court need not grant leave to amend if the proposed amendment would be "futile," i.e., if the complaint so amended would still fail to survive Fed. R. Civ. P. 12(b)(6) review.) Accordingly,

**IT IS ORDERED** that Sunland's Motion to Dismiss, R. Doc. 33, is **GRANTED IN PART AND DENIED IN PART.** Specifically, the negligence claim against Sunland is dismissed without prejudice and Claimant is granted leave to amend the negligence claim. The trespass claim against Sunland remains.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED LEAVE** to file an amended

complaint no later than October 11, 2024. Should Plaintiff fail to amend his complaint by that deadline, or, if necessary, to seek an extension prior to the expiration of that deadline, this matter will be dismissed without further notice.

New Orleans, Louisiana, this 26th day of September 2024.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE