UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| | CIVIL ACTION NO. 2:23-CV-1665 C/W 2:23-CV-1796 AND 2:23-CV-2438 |
| IN THE MATTER OF SUNLAND CONSTRUCTION, INC. | SECTION T(5) |
| | JUDGE ANNA ST. JOHN |
| | MAGISTRATE JUDGE MICHAEL B. NORTH |

## OPPOSITION TO MOTION TO ISSUE SCHEDULING ORDER

**NOW INTO COURT,** through undersigned counsel, comes Venture Global Gator Express, LLC ("Venture Global"), who submits this Opposition to the Motion to Issue a Scheduling Order (R. Doc. 109) submitted by Michael Bianchini and Raymond Bianchini (collectively the "Bianchinis").  Venture Global adopts and incorporates by reference the arguments set forth by Limitation Petitioners, Sunland Construction, Inc. and Sunland-Kori Services, LLC (collectively "Sunland"), in their Opposition to Motion to Issue a Scheduling Order (R. Doc. 110) to the extent applicable to Venture Global.  Venture Global opposes on the additional grounds set forth below and avers that the Bianchinis' motion should be denied.

### I.    Relevant Procedural Background.

Judge Guidry previously found good cause to stay discovery in this case "pending the Court's ruling on Sunland's Motion for Reconsideration, R. Doc. 64, and the filing of Claimants' Amended Claims."  (R. Doc. 80).  And in a subsequent Joint Motion to Continue Trial (R. Doc. 83) filed by the Bianchinis, Venture Global, and Sunland (collectively the "Parties"), the Parties further agreed that "[i]ssue will not be fully joined until any such [Rule 12(b)(6)] motion is

decided." (R. Doc. 83, ¶ 12). The Parties also agreed that delaying a scheduling conference until the resolution of any pending motions to dismiss would avoid future scheduling difficulties that might arise should a conference be held before the resolution of the currently pending and any future motions to dismiss:

> 13. It is also possible that new parties may be added to the litigation by way of third-party demand or Rule 14(c) tender.
>
> 14. Because issue is not fully joined, new parties might still be added, and because of the discovery stay, additional time is necessary for the Parties to appropriately conduct and complete discovery and attempt to resolve this matter prior to trial or, in the alternative, adequately prepare this matter for trial.
>
> 15. The Parties now request a continuance of the trial date and all deadlines set forth in the current Scheduling Order. R. Doc. 65.
>
> 16. To avoid having to again reschedule multiple deadlines and potentially continue another trial date, the Parties also request that the Court wait to hold a scheduling conference until after the Court rules on any Motion to Dismiss that might be filed in response to the amended claims to be filed by the Bianchini Claimants.

(R. Doc. 83, ¶¶ 13-16). This Court granted the Parties' Joint Motion to Continue Trial and ordered "a scheduling conference to be set after the Court rules on any Motion to Dismiss." (R. Doc. 84). Before this case was reassigned to Your Honor, Judge Guidry dismissed Sunland's then pending motion to dismiss without prejudice "to being refiled once this consolidated action is re-allotted to another section of this Court." (R. Doc. 98). Sunland subsequently refiled its motion to dismiss (R. Doc. 102) once this case was reassigned. Presenting this case in the same procedural posture as it was when Judge Guidry order a stay of discovery and that a scheduling conference be delayed until any the Court ruled on any motions to dismiss.

II.    **Good Cause to Delay Setting a Scheduling Conference and Deny the Bianchinis' Motion Exists.**

Good cause exists to deny the Bianchinis' motion and delay the setting of a scheduling conference. The issuing of a scheduling order may be delayed for good cause. FED. R. CIV. P. 16(b)(2). "The district court 'has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'" *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). Many district courts have found good cause to delay a scheduling conference when a motion to dismiss remains pending as a result of the possible effect of the resolution of a motion to dismiss on scope of the pending claims and the discovery associated with those claims. *See, e.g.*, *Est. of Borkovec by & through Bolt v. Turn Key Health Clinics, LLC*, No. 24-CV-02679-PAB-SBP, 2025 WL 1735595, at *2 (D. Colo. June 23, 2025) (collecting cases); *Sibley v. Touro LCMC Health*, No. CV 22-4757, 2024 WL 708191, at *1 (E.D. La. Feb. 21, 2024) (finding good cause to stay discovery during pendency of motion to dismiss); *Massey v. Willard*, No. CV 22-3924, 2023 WL 1102595, at *2 (E.D. La. Jan. 30, 2023) (same).

The Bianchinis' motion rests solely on the facts that Judge Guidry dismissed Sunland's motion for reconsideration, and the Bianchinis filed their amended claims. (R. Docs. 82, 85, 86). According to the Bianchinis, these events triggered the dissolution of the discovery stay ordered by Judge Guidry (R. Doc. 80). But the foregoing position overlooks the Joint Motion to Continue Trial (R. Doc. 83) and the Court's Order on the same (R. Doc. 84) wherein the Court ordered that no scheduling conference be set until after a ruling on "any Motion to Dismiss filed in response to the amended claims to be filed by the Bianchinis." (R. Doc. 84). With the Joint Motion to Dismiss and resulting Order, the Parties and the Court recognized that setting a scheduling conference and establishing a scheduling order before resolving pre-answer motions could present the Parties and

3

the Court with scheduling problems requiring further action to correct.  Despite the reallocation of this case to Your Honor, it remains in the same procedural posture as it did when the Parties submitted their Joint Motion to Continue Trial (R. Doc. 83) and the Court ordered (R. Doc. 84) that a scheduling conference should be held only when pre-answer motion practice had run its course and any new parties were added.

Good cause separately exists because Venture Global will be prejudiced by the advancement of this case without the participation of Sunland.  Unsuccessful in their efforts to conduct discovery against Sunland, the Bianchinis seek to conduct discovery against Venture Global regardless of the participation of Sunland.  The Bianchinis' efforts put Venture Global in jeopardy of being subject to burdensome duplicative discovery.  Nothing prevents Sunland from seeking depositions of Venture Global personnel deposed by the Bianchinis or other duplicative discovery if this matter proceeds in a piecemeal fashion.  Venture Global bears the risks and costs associated with this possibility, and good cause exists to deny the Bianchinis' motion to avoid the undue burden that Venture Global will bear discovery is permitted to proceed at this point.

### III.     Conclusion.

Good cause exists to delay the setting of a scheduling conference and the establishment of a scheduling order in this case.  All the concerns that prompted Judge Guidry to stay discovery in this case and order a postponement of any scheduling conference until any motions to dismiss are resolved remain.  Venture Global will be prejudiced by the entry of scheduling order and the opening of discovery without the participation of Sunland.  Further, in the Joint Motion to Continue filed by the Parties, the Bianchinis agreed that good cause existed to delay a scheduling conference in this case in the same procedural posture that it rests at present.  For these reasons, the Bianchinis' Motion to Issue a Scheduling Order should be denied.

Respectfully submitted:


*/s/ Daniel B. Stanton*

Amanda Howard Lowe (#32507)
Tod. J. Everage (#32445)
Daniel B. Stanton (#35337)
**KEAN MILLER LLP**
Bank Plus Tower
909 Poydras St., Suite 3600
New Orleans, LA 70112
(504) 585-3050
amanda.lowe@keanmiller.com
tod.everage@keanmiller.com
daniel.stanton@keanmiller.com

**Attorneys for Venture Global Gator Express, LLC**

5